**Sokrat KATCHATRIAN, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 02-70905.**
**INS No. A75-479-669.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2003.

Decided May 14, 2003.

Before TASHIMA, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM *

Petitioner challenges the actions of two prior counsel in his deportation proceedings. Attorney Heinrich Davis allegedly conceded petitioner's deportability without discussing the decision with him. Subsequently, new counsel Arthur Avazian, either personally or through his agent Eric Avazian, allegedly misinformed petitioner about the consequences of appealing his order of deportation to the Board of Immigration Appeals (BIA). According to petitioner, he was incorrectly told that he would be deported if he appealed the Immigration Judge's (IJ's) decision. Moreover, one of the Avazians failed to inform him that he would receive 30 days to depart voluntarily even if his BIA appeal failed. Petitioner asserts that he would not have waived his appeal right had he been apprised of the correct facts.

In addition, the INS concedes petitioner's contention that the IJ "did not fully comply with the regulation" requiring IJs to recite the factual allegations and charges against an alien in deportation proceedings. *See* 8 C.F.R. § 1240.48(a).

"As a predicate to obtaining relief for a violation of procedural due process rights in immigration proceedings, an alien must show that the violation prejudiced him." *Ramirez-Alejandre v. Ashcroft,* 320 F.3d 858, 875 (9th Cir.2003) (en banc); *see also United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir.2000) (holding that petitioner must show that he had a plausible ground for relief to establish prejudice). The requirement to show prejudice applies to

of this circuit except as provided by Ninth Circuit Rule 36-3.

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by Ninth Circuit Rule 36-3.

ineffective assistance of counsel claims, *see Iturribarria v. INS,* 321 F.3d 889, 899 (9th Cir.2003), and to violations of INS regulations, *see Acewicz v. INS,* 984 F.2d 1056, 1062 (9th Cir.1993). Reviewing the case de novo, *Iturribarria,* 321 F.3d at 894, and assuming that a due process violation occurred, we conclude that petitioner has not demonstrated that he was prejudiced.

Petitioner offers absolutely no evidence to oppose the finding of deportability, nor does he present any ground for relief. Nothing is alleged that, had it been done otherwise, would plausibly have ameliorated the outcome of petitioner's deportation proceedings.

The petition is therefore DENIED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Ezell's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.